SOLOMON WHITESIDES *v.* THE STATE.

CRIMINAL LAW. *Attempt to commit statutory misdemeanor.* A mere attempt to commit a statutory misdemeanor is not indictable.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

JOHN T. MOSS for Whitesides.

ATTORNEY-GENERAL LEA for the State.

COOKE, Sp. J., delivered the opinion of the court.

By the act of 1879, ch. 166, sec. 1, it is enacted: " That it shall not hereafter be lawful in this State, to buy or sell, barter or exchange, or receive on deposit, any cotton in the seed, or ginned but not baled, between the hours of sunset of any one day, and sunrise of another." By section 2 of said act it is provided that any merchant, or other person, violating the first section shall be guilty of a misdemeanor, etc.

The defendant, Whitesides, was indicted for removing one hundred pounds of his own cotton in the seed, between the hours of sunset of the 9th of December, 1882, and sunrise of the next day, with the *intent* and for the *purpose* of selling the same between the hours of sunset and sunrise, as aforesaid, and by which means, it is averred, he unlawfully attempted to sell said cotton between said hours.

Whitesides *v.* The State.

The defendant moved to quash said indictment, which motion being overruled, he entered a plea of not guilty; was tried upon said indictment and convicted, and thereupon he filed reasons in arrest of judgment. First, that the indictment does not charge a public offense, and that the act of attempting to sell cotton after dark is not a public offense, and especially so when it appears that the cotton attempted to be sold was the property of the accused. The court overruled said reasons in arrest of judgment, and defendant's motion for a new trial having been overruled, fined him $25, and he appealed to this court.

By section 5222 of the Code, it is provided that the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor. But there can be no degrees of guilt included in a misdemeanor, and no less grade of criminal offense than a misdemeanor. As the offense of selling cotton in the seed or unbaled between sunset and sunrise is purely statutory, and as the Legislature has not declared the attempt so to sell cotton criminal, or indictable, we are of opinion that such attempt is not within the purview of the act of 1879 above cited, or embraced within the provisions of the Code above referred to, and therefore is not indictable as a separate misdemeanor. The court below, therefore, erred in refusing to quash the indictment, and also in overruling the reasons in arrest of judgment.

The case will be reversed, the judgment arrested, and the indictment quashed.